443 F.2d 667
 75 L.R.R.M. (BNA) 2539, 143 U.S.App.D.C. 252,
64 Lab.Cas. P 11,261
 LOCAL 153, INTERNATIONAL LADIES' GARMENT WORKERS' UNION,
AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MARIE PHILLIPS, INC., Respondent.
MARIE PHILLIPS, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 23457, 23562, 23653.
 United States Court of Appeals, District of Columbia Circuit.
 Argued Sept. 25, 1970.
Decided Nov. 9, 1970, Certiorari Denied June 7, 1971, See 91
S.Ct. 2206.
 
 Mr. Max Zimny, New York City, for petitioner in No. 23,457. Messrs. Jerry D. Anker, Washington, D.C., and Morris P. Glushien, New York City, also entered appearances for petitioner in No. 23,457.
 Mr. Jerome Weinstein, of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of court, for petitioner in No. 23,562 and respondent in Nos. 23,457 and 23,653. Messrs, Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and John I. Taylor, Jr. and J.L.A. de Passalacqua, Attorneys, National Labor Relations Board, were on the brief for petitioner in No. 23,562 and respondent in Nos. 23,457 and 23,653.
 Messrs. Joseph S. Sudarsky, Hartford, Conn., and Harold L. Luxemburg, New York City, for petitioner in No. 23,653 and respondent in No. 23,562.
 Before WRIGHT, McGOWAN and MacKINNON, Circuit Judges.
 PER CURIAM:
 
 
 1
 These consolidated appeals are before the court on petitions for review filed by Local 153, International Ladies' Garment Workers' Union, and Marie Phillips, Inc. to review an order of the National Labor Relations Board issued against the company on September 5, 1969, and reported at 178 NLRB No. 53. The Board has filed an application for enforcement of that order. The questions presented are (1) whether substantial evidence on the record as a whole supports the Board's finding that the company violated Section 8(a)(1), (3) and (5) of the Act;[1] (2) whether substantial evidence on the record as a whole supports the Board's finding that the union represented a majority of the production and maintenance employees on January 19, 1967, and that the company violated Section 8(a)(5) and (1) of the Act by refusing to recognize and bargain with the union on and after that date; and (3) whether the Board abused its powers in refusing to grant the union's request for further remedial relief. We grant the Board's application for enforcement now of its order as it stands. We reserve to the parties the right to petition this court for reconsideration of the issue of additional remedies after disposition by the Supreme Court of International Union of Elec., Radio & Machine Wkrs. v. N.L.R.B. (Tiidee Products), 138 U.S.App.D.C. 249, 426 F.2d 1243 (1970), and dispostion by this court of Int. U., U.A.W. v. N.L.R.B. (Ex-Cell-O Corp.), NLRB Case 25-- CA-- 2377, D.C. Cir. No. 24,577.
 
 
 2
 The evidence depicts a classic organizing campaign by the union and a classic response by the company, including promises and threats by the company against signing cards designating the union as bargaining representative, unfair labor practice discharges, and refusal to reinstate strikers in their jobs. The Board adopted the trial examiner's findings that the company had shown a 'complete rejection of the collective bargaining principle' and a 'determination to destroy the Union's majority.' Under the circumstances, the Board found that the company's conduct violated Section 8(a)(1), (3) and (5) of the Act. The Board also found that a valid majority of the employees in an appropriate bargaining unit had signed up with the union. The Board concluded that the company's 'unfair labor practices were so pervasive and coercive as to prevent recourse to an election to determine the question concerning representation raised by the Union's demand for recognition and bargaining. Accordingly, to remedy these unfair labor practices and to effectuate the employees' freely made choice for union representation as manifested by the signed authorization cards of a majority of employees in the unit, our order shall include provisions requiring (the company) upon request to recognize and bargain with the Union as the exclusive representative of its employees.'
 
 
 3
 We have carefully considered the record as a whole. We hold that the Board's findings clearly pass the substantial evidence test. The company's primary attack is on the Board's designation of the union as bargaining representative of the employees. It challenges the reliability of cards obtained under a promise of nondisclosure except to the Board, the admission in evidence of testimony of the solicitors of the cards, and the exclusion of evidence of employees' subjective motivations in signing the cards. This challenge must fail in the light of N.L.R.B. v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). There the Supreme Court not only upheld the reliability of cards obtained on the promise of confidentiality, but also rejected a claim that one who witnessed a signature is not competent to testify as to its authenticity. Moreover, also in Gissel the Court 'reject(ed) any rule that requires a probe of an employee's subjective motivations as involving an endless and unreliable inquiry.' 395 U.S. at 608, 89 S.Ct. at 1937. Accord, International Union, United Auto., Aerospace and Agr. Implement Workers of America v. N.L.R.B. (Preston Products), 129 U.S.App.D.C. 196, 203, 392 F.2d 801, 809 (1967), cert. denied, 392 U.S. 906, 88 S.Ct. 2058, 20 L.Ed.2d 1364 (1968).
 
 
 4
 The company also challenges some 26 cards on the additional ground that persons signing them were induced to do so it the belief that a majority of the employees had already signed. The Board found that 'a showing, without more, of a misrepresentation as to the number of others who have signed union cards is insufficient to invalidate a clear and unequivocal designation card signed by an employee.' This finding is supported by the decisions of this court. 'Such puffing (that a majority of the workers had already signed union authorization cards) does not vitiate the cards unless the comments were a means of coercing employees to sign cards out of a fear of majority reprisal.' Amalgamated Clothing Workers of America v. N.L.R.B. (Sagamore Shirt Co.), 124 U.S.App.D.C. 365, 375, 365 F.2d 898, 908 (1966).
 
 
 5
 The remedies ordered by the Board require the company to cease and desist from the unfair labor practices found and from in any manner interfering with, restraining or coercing employees in the exercise of their protected rights. The Board's order also requires the company to reinstate the employee victims of the unfair labor practices to their former or substantially equal positions with their rights and privileges intact, to make the reinstated employees whole for any loss of earnings by reason of the company's discrimination against them, to post the appropriate notices, and to bargain with the union as the exclusive representative of the employees. Relying on the finding of the trial examiner, adopted by the Board, that 'the nature of the violations strikes at the heart of the Act and calls for a broad order,' the union maintains that a more effective prophylactic remedy is needed. The Tiidee Products and Ex-Cell-O Corporation cases present this very difficult problem of effective remedies for unfair labor practices, particularly in connection with union organizing drives. We have decided to abide the disposition of those cases before resolving the union's claim for additional remedies.
 
 
 6
 Enforced.
 
 
 7
 MacKINNON, Circuit Judge (concurring in part and dissenting in part):
 
 
 8
 I concur in the court's Per Curiam opinion except I would at this time affirm the Board's order denying additional remedies requested by the Union. These requests were for a monetary remedy for losses allegedly incurred as a result of the Company's unfair labor practices and that the Company be required to recall and mail the Board's notice to employees, to grant the Union access to bulletin boards in the plant and to furnish the Union with the names and addresses of employees. With respect to these issues, I concur with the Board that a monetary remedy is not needed here to effectuate the policies of the Act, United Steelworkers of America, AFL-CIO v. N.L.R.B., decided July 10, 1970, 139 U.S.App.D.C. 146, 430 F.2d 519, and that the other remedies are not appropriate or necessary to a case such as is here presented in which the Board characterized the conduct of the employer as not demonstrating 'a pronounced proclivity for violating the Act.' See J. P. Stevens & Co. v. N.L.R.B., 417 F.2d 533 (5th Cir. 1969), which demonstrates what the Board considers to be an appropriate case for such relief. Clearly, the action of the Board here was within its administrative competence and should be respected by this court. Fibreboard Paper Products Corp. v. N.L.R.B., 379 U.S. 203, 216, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964); J. P. Stevens & Co. v. N.L.R.B., supra, 417 F.2d at 537.
 
 
 
 [1]
 29 U.S.C. 158(a)(1), (3) and (5) (1964)